IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER JAMES BLAIN, | ) | Civ. No. 10-00072 ACK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAURIE E. HERRELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW COMPLAINT AND
DISMISSING THE COMPLAINT WITH PREJUDICE**

**FACTUAL BACKGROUND**

Plaintiff Peter James Blain ("Plaintiff") and defendant
Laurie E. Herrell ("Defendant") were married on August 20, 2007.
Compl. ¶ 2.  Just prior to the marriage, on August 17, 2007,
Plaintiff and Defendant signed a Pre-Marital Agreement.[1/]  The

_____

[1/] As discussed _infra_, the parties later divorced.  This
Court will take judicial notice of various pleadings and orders
in the parties' Divorce Proceeding.  Pursuant to Fed. R. Evid.
201, a court may take notice of facts that are capable of
accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).
    Judicial notice is properly taken of transcripts,
    orders and decisions made by other courts or
    administrative agencies.  See Engine Mfrs. Ass'n v.
    South Coast Air Quality Management Dist., 498 F.3d
    1031, 1039 n. 2 (9th Cir. 2007) (taking judicial notice
    of oral argument transcript); Holder v. Holder, 305
    F.3d 854, 866 (9th Cir.2002) (taking judicial notice of
    a state court decision and the briefs filed in that
    court to determine if an issue was raised and decided
    by the state court for res judicata purposes) . . . .
Hardy v. County of El Dorado, No. S-07-0799 RRB EFB, 2008 WL
268966, at *5 n. 17 (E.D. Cal. Jan 29, 2008) (some citations
(continued...)

Pre-Marital Agreement unambiguously memorializes the parties'
agreement that neither party shall seek any form of support from
the other in the event that the marriage should terminate.   The
Pre-Marital Agreement provides, <u>inter alia</u>, that:

> 2.   Husband and Wife enter into this Agreement and into
> marriage with the intention that their marriage shall
> endure until death.   In recognition that [because of]
> circumstances unforeseen or unknown at this time, the
> marriage could be terminated by divorce or separation,
> Husband and Wife intend by this Agreement to establish
> their respective rights in all property if the marriage
> is terminated. . . .
> 3.   Husband and Wife, in further recognition of the
> [possible] termination of marriage, intend to determine

---

[1]/(...continued)
omitted); <u>see also</u> <u>Robinson Rancheria Citizens Council v. Borneo,
Inc.</u>, 971 F. 2d 244, 248 (9th Cir. 1992) (holding that a court
"may take notice of proceedings in other courts, both within and
without the federal judicial system, if those proceedings have a
direct relation to matters at issue.").

    The Court was able to review the docket for the Divorce
Proceeding via the Hawai'i State Judiciary Ho'ohiki, the Hawai'i
State Judiciary's Public Access to Court Information.
<u>http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm</u>.   The
divorce proceeding is <u>Laurie Herrell Blain v. Peter James Blain</u>,
FC-D No. 09-1-0405, filed in the Family Court of the Second
Circuit ("Divorce Proceeding").   The Court obtained copies of
certain documents filed in the Divorce Proceeding from the Family
Court of the Second Circuit.   Through this process, the Court has
received a copy of the Pre-Marital Agreement, which is attached
to this Order (the Court has excluded the last two pages of the
Pre-Marital Agreement as those pages include the financial
statements of the parties).

    As discussed <u>infra</u>, the Court has informed the parties
that it has received these documents and inquired whether the
parties have any objection to the Court's reliance on them.
Defendant has indicated that she has no objection and Plaintiff
has not directly answered the Court's inquiry despite repeated
requests.   Accordingly, because of the procedural posture of this
case and the lack of objection by the parties, the Court finds it
appropriate to take judicial notice of documents from the Divorce
Proceeding in light of the foregoing authority.

the obligation of each to support the other on divorce,
separation, or permanent separation.  Husband and Wife,
by this Agreement, permanently waive the right to seek
support in any form [from] the other in the event of a
separation or the termination of the marriage.
. . .
6.  This Agreement is made in consideration and
contemplation of the marriage and in consideration of
the mutual promises granted to each party the right to
acquire separate property during the marriage, the
right to dispose of his or her estate free from claim
from the other party, the right to be free from claims
for an equitable division of proper and for support in
the event of the termination of the marriage, and the
right to be free from claims for support in the event
of a separation by the parties during the marriage.
. . .
11.  If the marriage should terminate, or should the
parties separate, for any reason and without regard to
the fault of either party in causing the termination or
separation, each party agrees to be solely responsible
for his or her own future support after separation,
regardless of any unforseen change in circumstances or
economic condition or well-being.  By this provision,
the parties intend to permanently waive all right to
alimony, pendente lite alimony, pendente lite support,
spousal support, or post-divorce payments of any kind
from one party to the other.

Pre-Marital Agreement ¶¶ 3, 6, 11.

Plaintiff is a citizen of Australia and now a permanent

resident of the United States.  Defendant is a citizen of the

United States.  In order for Plaintiff to become a lawful

permanent resident, on July 21, 2008, Defendant signed a Form I-

864 Affidavit of Support on behalf of the Plaintiff.[2/]  Compl. ¶

---

[2/] The instructions to Form I-864 explain that the Form I-
864 "is required for most family-based immigrants and some
employment-based immigrants to show that they have adequate means
of support and are not likely to become a public charge."  Form
I-864 Instructions (Rev. 10/18/07).

2.   Plaintiff became a permanent resident of the United States on
December 13, 2008.  Compl. ¶ 2.  The Plaintiff and Defendant
experienced marital difficulties and separated on July 22, 2009.
Compl. ¶ 3.  On August 4, 2009, Defendant filed a Complaint for
Divorce, beginning the Divorce Proceeding.

<u>**PROCEDURAL BACKGROUND**</u>

**I.   State Court Proceedings**

        A search of the Hawai'i State Judiciary's Public Access
to Court Information turns up at least six different cases
involving Laurie Herrell and Peter Blain.  There is the Divorce
Proceeding (2DV09-1-000405), four temporary restraining order
actions (2DA09-1-00374, 2DA09-1-000382, 2DA09-1-000403, 2DA09-1-
000467), and one landlord/tenant action (3RC09-1-003658).[3/]

        In the Divorce Proceeding, Plaintiff moved to dismiss
the Pre-Marital Agreement.  A hearing was held on Plaintiff's
motion and on the divorce on December 17, 2009.  A Judgment
Granting Divorce was entered January 5, 2010, and an Amended
Judgment Granting Divorce, correcting a typographical error in
the Divorce Proceeding case number, was entered April 12, 2010.[4/]

---

        [3/] The Court notes that there is additionally a criminal
action against Peter Blain in which Laurie Blain was subpoenaed
as a witness.  <u>State of Hawaii v. Peter J. Blain</u>, 2FC09-1-00212.
The state court docket indicates that there was a judgment of
conviction and probation sentence on April 22, 2010.

        [4/] At the hearing, the parties explained to the Court that
the divorce decree which was entered on January 5, 2010 had an
                                                  (continued...)

The Hawai'i Family Court found that the "Pre-Marital Agreement, signed by and between the parties on August 17, 2009, is a valid legal document binding the parties herein."  Order after Hearing on Defendant's Motion to Dismiss Pre-Marital Agreement, <u>Laurie Herrell Blain v. Peter James Blain</u>, FC-D No. 09-1-0405 (Jan. 5, 2010).  Accordingly, based upon the Pre-Marital Agreement and the evidence presented at the divorce hearing, the Judgment Granting Divorce and the Amended Judgment Granting Divorce ordered that "neither party shall be required to pay alimony for the other party.  Amended Judgment Granting Divorce, <u>Laurie Herrell Blain v. Peter James Blain</u>, FC-D No. 09-1-0405 (filed April 12, 2010).

At the hearing on the divorce and Plaintiff's motion to dismiss the Pre-Marital Agreement, Plaintiff presented the Form I-864 Affidavit of Support as an exhibit.  <u>See</u> Defendant's Exhibit List, Attached to Minutes of December 17, 2010, Divorce Hearing, <u>Laurie Herrell Blain v. Peter James Blain</u>, FC-D No. 09-1-0405.

On June 21, 2010, Plaintiff filed a Notice of Appeal in that proceeding.[5/]

_____

[4/] (...continued)
incorrect case number on it and the divorce decree entered April 12, 2010 corrected that issue.  <u>See</u> Hearing Tr. at 7:2-8:3.

[5/] The Court observes that this appeal will likely be dismissed as untimely.  <u>See</u> Hawai'i Rule of Appellate Procedure
(continued...)

## II.  Federal Court Proceedings

On February 11, 2010, after the Judgement Granting Divorce was entered in the Divorce Proceeding declaring that Plaintiff was not entitled to any support from Defendant, Plaintiff filed a complaint against Defendant in this Court alleging that she has failed to meet her contractual obligation to support him pursuant to a Form I-864 affidavit of support under 8 U.S.C. § 1183a.

On March 22, 2010, Plaintiff filed a Notice of Motion and Motion for Summary Judgment.  Doc. No. 12.  Accompanying Plaintiff's Notice of Motion and Motion for Summary Judgment, Plaintiff attached a Memorandum of Points and Authorities ("Plaintiff's Motion for Summary Judgment") and a Declaration of Plaintiff ("Blain Declaration") as well as Exhibits A-C.  On April 22, 2010, Plaintiff filed a Motion to Change Relief in Motion for Summary Judgment.  Doc. No. 17.

On May 10, 2010, Defendant filed an Objection to Motion to Change Relief in Motion for Summary Judgment ("Objection").  Doc. No. 32.  Defendant did not file an opposition to the Motion for Summary Judgment.  However, a pro se party's pleadings must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-

---

[5]/(...continued)
4(a) (providing that a notice of appeal in a civil case is to be filed within 30 days after entry of the judgment or appealable order).

21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004);
Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987); thus, the
Court construes Defendant's Objection as Defendant's opposition
to the Motion for Summary Judgment.

On May 14, 2010, Defendant filed a Motion to Dismiss
Case.  Doc. No. 37.  The Motion to Dismiss does not specify a
basis in the Federal Rules of Civil Procedure.

On May 17, 2010, Plaintiff filed a Motion to Reply to
Defendant's Objection to Motion to Change Relief in Motion for
Summary Judgment ("Plaintiff's MSJ Reply").  Doc. No. 43.  The
Court construes this simply as a reply to Defendant's Objection.

On May 18, 2010, Plaintiff filed a Response to
Defendant's Motion to Dismiss ("Plaintiff's Response to MTD").
Doc. No. 44.

Also on May 18, 2010, Defendant filed a Motion to
Recover Costs.  Doc. No. 46.

On May 24, 2010, Plaintiff filed a Response to the
Motion to Recover Costs ("Plaintiff's Costs Response").  Doc. No.
51.

On June 1, 2010, a hearing was held on the motions.
Pursuant to Local Rule 56.1(e),

> If a party moves for summary judgment and the record
> establishes as a matter of law that another party is
> entitled to summary judgment against the moving party,
> the court, in the court's discretion, may enter summary
> judgment against the moving party after providing that
> party with oral or written notice and an opportunity to

7

be heard.

Local Rule 56.1(e).  Thus, at the hearing on June 1, 2010, the
Court informed Plaintiff that it was considering converting
Defendant's Motion to Dismiss into a Motion for Summary Judgment.
Rough Transcript of June 1, 2010 Hearing ("Hearing Tr.") at 1:12-
25.  The Court therefore informed Plaintiff that should he wish
to put forth any additional evidence, he was permitted to.  <u>Id.</u>
At the hearing, the Court made it clear that it appeared the
Plaintiff had raised the issues that he seeks to litigate in this
case in the state court Divorce Proceeding and he had lost.  The
Court further explained to Plaintiff that as it appeared the
state court had ruled against him, there may be a res judicata or
Rooker/Feldman issue here because the federal district court is
not permitted to overrule a state court's decision.  Hearing Tr.
at 3:16-4:15.

On June 2, 2010, this Court received a facsimile from
Hawai'i Family Court Judge Keith E. Tanaka who presided over the
Divorce Proceeding.  In that facsimile, Judge Tanaka confirmed
that Plaintiff had "argued at trial that he was entitled to
support under immigration laws.  The Court found no merit to his
argument based upon the pre-marital agreement and the evidence
presented at trial.  Consequently, the Judgment Granting Divorce
. . . is absent an award of Alimony."  <u>See</u> Memorandum to Judge
Alan Kay from Judge Keith Tanaka, dated June 1, 2010, received by

8

facsimile on June 2, 2010 (a copy of which is attached to this Order).

On June 3, 2010, Plaintiff filed a document entitled "Motion for New Summary Judgment Hearing" and a document entitled "Information on Rooker-Feldman Doctrine." Doc. No. 54. In the "Motion for New Summary Judgment Hearing," Plaintiff admitted that he had argued that he was entitled to support based on the Form I-864 in the Divorce Proceeding. See Motion for New Summary Judgment Hearing at 2 (arguing that the "Form I-864 Affidavit of Support was raised as one point in many that the Pre-Marital Agreement should be dismissed"). Plaintiff, however, also asserted that the "State Court ruled on the Pre-Marital Agreement and not Form I-864." Plaintiff attached the Motion to Dismiss Pre-Marital Agreement that he filed in State Court to the Motion for New Summary Judgment Hearing. In the Motion to Dismiss Pre-Marital Agreement, Plaintiff raised the I-864 Form.[6]

---

[6] On this point, Plaintiff asserted:
On 21 July 2008, Laurie Herrell Blain signed a Federal Government Document (Form I-864 Affidavit of Support Under Section 213A Immigration and Naturalization Act) stating that she would provide sufficient support, and that divorce does not terminate her obligations to me. By signing Form I-864, Laurie Herrell Blain's failure to follow the guidelines set out in Form I-864 can result in her being penalized. Laurie Herrell Blain has stated under oath to Judge Bissen on Thursday 20 August 2009 that she had read Form I-864 before signing the document. By acknowledging this agreement, Laurie Herrell Blain would be aware of her obligations to me in regards to support.

(continued...)

9

On June 4, 2010, the Court sent a letter to both parties informing them that the Court had received a facsimile from Judge Tanaka and certain documents from the Family Court. The Court attached Judge Tanaka's facsimile to the letter and inquired whether the parties had any objections to the Court relying on Judge Tanaka's facsimile and documents received from the Family Court (the Pre-Marital Agreement and the Judgment Granting Divorce).  Doc. No. 56.

On June 7, 2010, the Court received via electronic mail a copy of a letter dated June 4, 2010 from Laurie E. Herrell indicating that she had no objection to the Court considering Judge Tanaka's facsimile as well as the documents referenced in the facsimile.[7]

Plaintiff on the other hand, did not respond directly to the Court's letter and inquiry.  Instead, on June 9, 2010, the Court received a "Statement of Fact on New Motion for Summary Judgment" by electronic mail from Plaintiff with the subject heading "[s]tatement as directed in court letter due Jun 10,

---

[6]/(...continued)
Motion for New Summary Judgment Hearing, Exhibit A (Motion to Dismiss Pre marital Agreement ¶ 4).

[7] Ms. Herrell also sent a copy of this letter to the court through the United States Postal Service, which was received on June 9, 2010.  Doc. No. 57.

2010."[8/]  In that document, Plaintiff simply reiterates his arguments that Defendant owes him support based upon the Form I-864.

Accordingly, on June 10, 2010, the Court replied to Plaintiff by letter, copied to Defendant, indicating "the Court understands that [Plaintiff has] no objection to the Court considering the matters set forth in the Court's letter dated June 4, 2010."  Consequently, the Court requested Plaintiff confirm that the Court's understanding was correct in writing by June 17, 2010.  Doc. No. 58.

The Court again did not receive a direct response from Plaintiff.  However, on June 15, 2010, Plaintiff filed a one-sentence-long motion to withdraw his complaint ("First Motion to Withdraw Complaint").  Doc. No. 61.

Subsequently, in yet another attempt to provide Plaintiff with adequate notice of the Court's intentions and provide him with ample opportunity to respond with any possible legal or factual argument, the Court issued a Court's Inclination on June 23, 2010.  In the Court's Inclination, the Court explained:

---

[8/] Plaintiff also submitted this document via the United States Postal Service and it was received on June 14, 2010.  Doc. No. 59.  The Court also received Defendant's objection to this document by electronic mail on June 15, 2010, and by hard copy delivered by the United States Postal Service on June 16, 2010.  Doc. No. 62.

> [U]nder the circumstances of this case, the Court
> informs Plaintiff that it is inclined to grant
> Plaintiff's motion to withdraw his complaint and
> dismiss the complaint with prejudice.
>
> A dismissal with prejudice would prevent Plaintiff
> from seeking to relitigate the issues raised in his
> complaint in federal court.  If Plaintiff has any
> objection to a dismissal of his complaint with
> prejudice, he is instructed to inform the Court by
> filing an objection detailing his legal reasoning by
> July 9, 2010.  If the Court has not received any
> response from Plaintiff by July 9, 2010, it will assume
> Plaintiff has no objection and dismiss his complaint
> with prejudice.
>
> In the event that Plaintiff objects or desires to
> withdraw his Motion to Withdraw the Complaint, the
> Court instructs Plaintiff to directly respond to the
> Court's June 10, 2010, letter to the Plaintiff by July
> 9, 2010.

Court's Inclination at 5.

Nevertheless, Plaintiff did not clearly indicate

whether he objected to a dismissal with prejudice.[9]  Instead,

Plaintiff filed a second document entitled "Motion to Withdraw

Complaint" ("Second Motion to Withdraw Complaint").  Doc. No. 66.

The Second Motion to Withdraw Complaint, in its entirety,

explains:

> The Plaintiff (Peter James Blain) after the
> hearing on Motion for Summary Judgment and Motion to
> Dismiss on June 1, 2010 before the Honorable Judge Alan
> C Kay who stated that the U.S. District Court is not an
> Appeals court under the Rooker-Feldman Doctrine filed
> an appeal before the Hawaii Intermediate Court of

---

[9] On July 13, 2010, the Court received a Letter dated from
Defendant, dated July 12, 2010 (doc. no. 67), observing that
"[t]he court gave Peter J. Blain until July 9th to explain why
the Complaint should not be dismissed with prejudice.  Plaintiff
failed to submit said explanation to the court or the
[defendant]."

Appeal on the motion to Dismiss the Pre-Marital
Agreement (PMA) <u>Laurie Herrell Blain v. Peter James
Blain</u> (FC-D-09-1-0405) based on Form I-864 Affidavit of
Support and the PMA which was filed June 21, 2010 and
has been forwarded to the Appeals Court. (Exhibits A
and B).

    There[fore] the Plaintiff asks the Court for leave
to withdraw his complaint.

Second Motion to Withdraw Complaint.[10]

Plaintiff did not file any document detailing an objection to the dismissal of his complaint with prejudice by the July 9, 2010 deadline set forth in the Court's Inclination. Nor did Plaintiff withdraw his Motion to Withdraw Complaint; instead he filed the Second Motion to Withdraw Complaint.

On July 15, 2010, six days after the deadline set forth in the Court's Inclination, Plaintiff sent a document entitled "Response to Motion to Dismiss With Prejudice" to the Court via electronic mail.[11]  Doc. No. 68.  Despite calling this document a "Response," Plaintiff does not detail any objection to the Court granting his Second Motion to Withdraw Complaint and dismissing the Complaint with prejudice.  Instead, he simply regurgitates,

---

[10] As noted <u>supra</u>, this appeal is likely untimely pursuant to Hawai'i Rule of Appellate Procedure 4.

[11] In his e-mail attaching the Response to Motion to Dismiss With Prejudice, Plaintiff does not provide any good cause for his failure to timely respond.  <u>See</u> Electronic Mail from Peter Blain to the Court (July 15, 2010) (doc. no. 68) (apologizing for missing the deadline and explaining "I have been looking for work and studying to go back to school and the date slipped my mind. I will send out paper copies to the Court today as well as the Defendant.  Here is my response."). Nevertheless, despite its untimeliness, the Court has reviewed Plaintiff's filing.

yet again, the same case law that he has cited in numerous other filings.  He does not raise any new issues.  Because Plaintiff did not raise any objections (much less any legally valid objections) and still has not answered the Court's June 10, 2010 letter, as he was directed to if he objected or wished to withdraw his Motion to Withdraw Complaint, the Court will rule on Plaintiff's Second Motion to Withdraw Complaint.  Furthermore, the Court reiterates that Plaintiff's Second Motion to Withdraw Complaint was filed subsequent to the Court's Inclination.

## **DISCUSSION**

**I.   Dismissal With Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2).**

Federal Rule of Civil Procedure 41 ("Rule 41") specifies the circumstances under which an action may be dismissed.  Once a defendant has filed an answer or motion for summary judgment, a plaintiff cannot dismiss without leave of court.  See Rule 41(a)(1)-(2); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1535 (9th Cir. 1987).  Defendant has filed an answer (doc. no. 9); therefore, Rule 41(a)(2) applies to the case at bar.  Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper."

Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice.  Stevedoring Serv. of Am. v. Armilla Int'l, 889 F.2d

14

919, 921 (9th Cir. 1991); see also LeCompte v. Mr. Chip, Inc.,

528 F.2d 601, 604 (5th Cir. 1976).   "The purpose of the rule is

to permit a plaintiff to dismiss an action without prejudice so

long as the defendant will not be prejudiced." Stevedoring, 889

F.2d at 921.   In the Ninth Circuit, the decision to grant a

voluntary dismissal under Rule 41(a)(2) is addressed to the

district court's sound discretion and "will not be disturbed

unless the court has abused its discretion." Westlands Water

Dist. v. U.S., 100 F.3d 94, 96 (9th Cir. 1996) (citations

omitted).

        Thus, when ruling upon a Rule 41 motion to dismiss

without prejudice, the district court must first determine

whether the defendant will suffer resultant legal prejudice.

Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994);

Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th

Cir. 1982).   Plain legal prejudice "is just that-prejudice to

some legal interest, some legal claim, some legal argument."

Westlands, 100 F.3d at 97.   In other words, legal prejudice is

shown "where actual legal rights are threatened or where monetary

or other burdens appear to be extreme or unreasonable." Id.

        Additionally, a district court may consider whether the

plaintiff is requesting a voluntary dismissal only to avoid a

near-certain adverse ruling. See Terrovona v. Kincheloe, 852

F.2d 424, 429 (9th Cir. 1988) (no abuse of discretion in case in

which district court refused to dismiss petition without
prejudice because motion for dismissal was filed three months
after summary judgment motion and magistrate judge had already
issued his report and recommendation when the motion to dismiss
was made); Maxum Indemnity Insurance Company v. A-1 All American
Roofing Co., No. 07-55396, 2008 WL 4833004, *1 (9th Cir. Nov. 3,
2008) (finding that the district court acted within its
discretion in dismissing a claim with prejudice because the
district court had indicated to both parties how it planned to
rule on that claim prior to the motion to dismiss) (citing
Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir. 1988));[12/] see
also Infa-Lab, Inc. v. KDS Nail Int'l, No. Civ. 07-01270 WBS EFB,
2007 WL 161197, * 2 (E.D. Cal. Jan. 22, 2009); White v. Donley,
No. 05-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008)
("[T]he mere temporary avoidance of a claim-dispositive motion is
not a legitimate reason to seek dismissal . . . indeed, the
avoidance of an adverse ruling is an abusive reason to seek
dismissal."); Minnesota Mining & Mfg. Co. v. Barr Labs., Inc.,
289 F.3d 775, 783 (Fed. Cir. 2002) (holding that the district
court did not abuse its discretion in ordering a dismissal with
prejudice as the district court had concluded that the plaintiffs
were seeking to avoid a judgment that would be adverse to their

---

[12/] In accordance with U.S. Ct. of App. 9th Cir. Rule 36-3,
the Court is not relying on this unpublished opinion, although it
finds it instructive.

interests).

The district court must further determine what conditions, if any, to place upon the dismissal.  To alleviate the prejudice resulting from dismissal, courts typically impose costs and attorney's fees upon plaintiff.  Id. at 97.  However, the imposition of costs and fees is not a prerequisite to grant a voluntary dismissal.  Stevedoring, 889 F.2d at 921.

Pursuant to Fed. R. Civ. P. Rule 41(a)(2), the Court hereby grants Plaintiff's Second Motion to Withdraw Complaint and orders that this action be dismissed with prejudice.  In light of the history of the Divorce Proceeding and this proceeding (detailed above), the Court finds that Plaintiff only moved to withdraw the Complaint after the Court made it very clear that it was likely Plaintiff was going to lose and the Court would likely be granting summary judgment for Defendant. Furthermore, after Plaintiff moved to withdraw the Complaint, the Court provided Plaintiff with notice that it intended to dismiss the Complaint with prejudice and gave Plaintiff an opportunity to file any objections.  He did not.[13/]  In fact, he reiterated his request by filing the Second Motion to Withdraw Complaint.  Accordingly, for the foregoing reasons, it is appropriate to dismiss Plaintiff's

---

[13/] As discussed supra, although Plaintiff did file a document entitled "Response to Motion to Dismiss With Prejudice" (doc. no. 68), it does not raise any objections, much less any legally valid objections, to the Court's dismissal of his Complaint with prejudice.

Complaint with prejudice.

## II.  Alternatively, Plaintiff Has Waived His Right to Support

For completeness of the record, the Court will explain why Plaintiff was likely going to lose and why the Court was likely going to enter summary judgment in Defendant's favor.

Even if the Court were to consider the merits of Plaintiff's claim, the Court would find, as the State Court did, that the Pre-Marital Agreement is a valid and enforceable contract.  Thus, the Court would further find that, pursuant to the Pre-Marital Agreement, Plaintiff has waived his right to any and all forms of support from Defendant.  The Pre-Marital Agreement very clearly states, <u>inter alia</u>, "[b]y this provision, the parties intend to permanently waive all right to alimony, pendente lite alimony, pendente lite support, spousal support, or post-divorce payments of any kind from one party to the other." Pre-Marital Agreement ¶ 11.  The Pre-Marital Agreement was entered into a year prior to Defendant's signature of the Form I-864.

The Form I-864 is a contract between the sponsor (person signing the document) and the U.S. Government.  <u>See</u> Form I-864 Instructions.  Although it is a contract between the U.S. Government and the sponsor, the immigrant for whose benefit it was executed has a right to enforce the contract.  <u>See</u> Form I-864 page 7 (explaining that "[i]f [the sponsor does] not provide

sufficient support to the person who becomes a permanent resident based on the Form I-864 that [the sponsor] signed, that person may sue [the sponsor] for this support"). Additionally, "any Federal, State, or local governmental agency or private entity that provides any means-tested public benefit to the sponsored immigrant after the sponsored immigrant acquires permanent resident status[] may seek enforcement of the sponsor's obligations through an appropriate civil action." 8 C.F.R. § 213a.2(d).

Accordingly, federal courts have generally found that a sponsored immigrant has the right to sue to enforce a sponsor's I-864 Form obligation. Shumye, 555 F. Supp. 2d at 1023; Younis, 597 F. Supp. 2d at 554; Skorychenko v. Tompkins, Civ No. 08-626-SLC, 2009 WL 129977 at *1 (W.D. Wis. Jan. 20, 2009) (holding that "[a]t this stage, the sole issue is whether plaintiff's complaint states a claim under 8 U.S.C. 1183(a)(e) [sic] and I conclude that it does. . . . an I-864 affidavit of support creates a legal contract that is enforceable in both state and federal court.").

It is however, a basic principle of contract law that a party may waive legal rights and this principle is applicable here. See, e.g., Navellier v. Sletten, 262 F.3d 923, 940 (9th Cir. 2001) (upholding a contractual release explaining that "there are no genuine issues of material fact indicating that the challenged release was either procedurally or substantively

19

unconscionable.  As the district court noted, Sletten freely chose to waive his legal rights in order to preserve the stability of the Fund.")  In this case, Plaintiff (the sponsored immigrant) signed a contract directly with Defendant, the Pre-Marital Agreement, in which he voluntarily chose to waive his right to any support from Defendant.  The Pre-Marital Agreement was entered into a year prior to Defendant's signature of the Form I-864.  The State Court ruled that the Pre-Marital Agreement between Plaintiff and Defendant was "a valid legal document binding the parties."  Order after Hearing on Defendant's Motion to Dismiss Pre-Marital Agreement, <u>Laurie Herrell Blain v. Peter James Blain</u>, FC-D No. 09-1-0405 (Jan. 5, 2010).  Thus, the Court finds that Plaintiff has waived his right to enforce the Form I-864 by entering into the Pre-Marital Agreement.  Plaintiff cannot escape his own voluntary choice to enter into the Pre-Marital Agreement in order to marry Defendant.[14]

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion to Withdraw the Complaint is granted.  The Complaint is hereby dismissed with prejudice.  All other pending motions are hereby

---

[14]The Court notes that it is not addressing in any way the right of any federal, state, local or private agency to enforce the Form I-864 against Defendant should any such agency provide any covered means-tested public benefit to Plaintiff.  The Court is solely finding that, based upon the Pre-Marital Agreement, Plaintiff has waived his right to enforce the Form I-864 Affidavit of Support against Defendant.

terminated and the clerk of the court is directed to close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawai'i, July 21, 2010.



                              _____
                                Alan C. Kay
                                Sr. United States District Judge

<u>Blain v. Herrell</u>, Civ. No. 10-00072 ACK-KSC: Order Granting Plaintiff's Motion to Withdraw Complaint and Dismissing Complaint With Prejudice